```
              UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                   SOUTHERN DIVISION

                  NO: 7:12-CR-37-FA-6
                     7:16-CV-104-FA
```

ELISEO LUNA

      Movant,

v.                      MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

      Respondent.


      Pending before the court are Eliseo Luna's Motions Under

28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody.  See ECF No. 758 and 798.  The

government has filed a motion to dismiss and a memorandum in

support of that motion.  See ECF Nos. 1089 and 1090.  Luna did

not respond to the motion to dismiss.

      On February 19, 2013, a federal grand jury sitting in the

Eastern District of North Carolina returned a Superseding

Indictment charging Eliseo Luna and various co-conspirators with

multiple counts.  See ECF No. 226.  Luna was charged with Hobbs

Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six);

possession of a firearm in furtherance of a crime of violence, in

violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); and

conspiracy to distribute and possess with intent to distribute

more than five kilograms of cocaine, in violation of 21 U.S.C. §

846, (Count Eight).

On June 19, 2013, pursuant to a written plea agreement, Luna pled guilty to Counts Six and Seven.  <u>See</u> ECF Nos. 286 and 289.  Pursuant to the terms of the plea agreement, the government would dismiss Count Eight as to Luna.  On October 15, 2014, Luna was sentenced to a total term of imprisonment of 157 months.  Specifically, he was sentenced to 37 months on Count Six and 120 months on Count Seven, sentences to run consecutively.

In his motions to vacate, Luna argues that his conviction on Count Seven must be vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence.  Luna is correct (and the government concedes) that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c).  <u>See</u> <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019); <u>United States v. Simms</u>, 914 F.3d 229, 233-34 (4th Cir. 2019); <u>see also</u> <u>United States v. Smith</u>, Criminal No. 3:08CR283, 2021 WL 3175965, at *3 (E.D. Va. Jul. 27, 2021) (vacating § 924(c) conviction and sentence where underlying predicate offense was Hobbs Act robbery conspiracy); <u>Simmons v. United States</u>, No. 2:12-cr-00415-DCN-2, 2020 WL 587114, at *2 (D.S.C. Feb. 6, 2020) (same).  The government argues, however, that Luna's motion to vacate should be dismissed as untimely and because of the waiver in his plea agreement.  The government also argues that Luna's claim is procedurally defaulted.

2

The court agrees with the government that Luna's

ineffective assistance of counsel claim is untimely. Section

2255 provides a time limit on filing such motions:

> A 1-year period of limitation shall apply to a
> motion under this section.  The limitation period shall
> run from the latest of –
>
> (1) the date on which the judgment of
> conviction becomes final;
>
> (2) the date on which the impediment to
> making a motion created by governmental
> action in violation of the Constitution or
> laws of the United States is removed, if the
> movant was prevented from making a motion by
> such governmental action;
>
> (3) the date on which the right asserted
> was initially recognized by the Supreme
> Court, if that right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on
> collateral review; or
>
> (4) the date on which the facts
> supporting the claim or claims presented
> could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, Luna's motion to vacate was

filed more than six months after his conviction became final.

And he offers no reason that would allow him to assert an

untimely ineffective assistance of counsel claim.[1]

---

[1] Insofar as Luna's <u>Strickland</u> claim rests on counsel's
failure to raise a <u>Johnson/Davis</u> argument, it fails for the
simple reason that an "attorney cannot be labeled ineffective for
failing to anticipate a future change in the law."  <u>Moss v.
Ballard</u>, 537 F. App'x. 191, 195 (4th Cir. 2013) (unpublished);
<u>United States v. McNamara</u>, 74 F.3d 514, 516–17 (4th Cir. 1996).
<u>Johnson</u>, <u>Davis</u>, and <u>Simms</u> were all decided after Luna's case

However, the motion is timely as to Luna's <u>Davis</u> claim. <u>See</u> <u>Blackman v. United States</u>, No. 16-17294, 805 F. App'x 993, 995 (11th Cir. Mar. 18, 2020) ("Here, it is clear that <u>Davis</u> announced the new rule of constitutional law applicable to Blackman's challenge to his § 924(c) conviction, rather than <u>Johnson</u>. . . . [B]ecause Blackman raised his <u>Davis</u> claim within one year of the <u>Davis</u> decision, we conclude that his § 2255 motion was timely filed."); <u>see also</u> <u>United States v. Jimenez-Segura</u>, 476 F. Supp.3d 326, 332 n.6 (E.D. Va. 2020) (parties agreed and court held that prisoner's § 2255 motion to vacate his § 924(c) conviction, filed in 2016, was no longer untimely because of <u>Davis</u>); <u>United States v. Johnson</u>, Criminal Action No. 3:09CR418-HEH-02, 2019 WL 4739670, at *3 (E.D. Va. Sept. 27, 2019) (noting as "wise" the government's position not to pursue a statute of limitations defense because "<u>Davis</u> announced a new rule of constitutional law retroactively applicable to cases on collateral review").[2]

_____

concluded. Furthermore, his bare-bones, self-serving allegations do not plausibly state a claim for ineffective assistance of counsel.


[2] Luna's timely <u>Davis</u> claim does not save his untimely ineffective assistance of counsel claim. "[W]here, as here, the petitioner relies on subsections (f)(3) or (f)(4), the statute of limitations applies on a claim-by-claim basis." <u>Wagner v. United States</u>, No. 5:08-CR-329-FL-4, 2020 WL 6293574, at *2 (E.D.N.C. Oct. 27, 2020) ("[T]he court may consider the timeliness of petitioner's claim premised on <u>Rosemond</u> even though his <u>Johnson</u> and <u>Davis</u> claims were timely filed.").

The court also rejects the government's argument regarding the waiver in the plea agreement. On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated the § 924(c) conviction for one of Luna's codefendants who, like Luna, pled guilty to Count Seven of the superseding indictment. See United States v. Calderon, No. 15-4420, 774 F. App'x 805, 806 (4th Cir. Aug. 15, 2019) ("Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand. We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing."). It is true the Fourth Circuit did not explicitly address the plea agreement waiver in that case. However, in another recent case, the Fourth Circuit declined to enforce an appellate waiver in a plea agreement under similar circumstances. See United States v. Sweeney, No. 15-4456, 833 F. App'x 395, 397 (4th Cir. Jan. 15, 2021) ("Because Sweeney's § 924(c) conviction is not supported by a valid predicate, he has made a showing of actual innocence. We therefore decline to enforce the waiver and deny the Government's motion to dismiss."). Likewise, in another case from this court, the court rejected the argument that the government makes herein and declined to enforce a collateral attack waiver holding that the petitioner's "challenge to her § 924(c) conviction [ ] falls outside the scope of the collateral attack waiver." McClarin v.

5

United States, No. 5:11-CR-279-FL-2, 2021 WL 2019189, at *3
(E.D.N.C. May 20, 2021) (Flanagan, J.); see also Simmons, 2020 WL
587114, at *2 (government conceded as outside the scope of plea
agreement waiver prisoner's habeas claim that § 924(c) conviction
could not stand because predicate crime of violence was Hobbs Act
conspiracy). Based upon the foregoing authorities, the court
finds that Luna's motion is not subject to dismissal because of
the plea agreement waiver.

As for the government's procedural default argument, the
court finds that it also fails. In so concluding, the court
relies on the following cases and the authorities cited therein.
See McClarin, 2021 WL 2019189, at *3 (finding that petitioner had
established cause and prejudice to excuse her procedural default
and vacating conviction under § 924(c) where predicate offense
was attempted Hobbs Act robbery); United States v. Jimenez-
Segura, 476 F. Supp.3d 326, 334 (E.D. Va. 2020) (finding that
defendant met the cause-and-prejudice standard to excuse
procedural default where underlying predicate for § 924(c)
conviction was conspiracy to commit Hobbs Act robbery). In
particular, the court's opinion in Jimenez-Segura is thoughtful
and well-reasoned and the court follows it here.

The government conceded that Luna would be entitled to
vacatur of his § 924(c) conviction if the court rejected its
arguments on collateral attack waiver and procedural default.

See ECF No. 1090 at 26 n.3.  The court must now fashion an

appropriate remedy.  As our appeals court has explained:

> [A] district court's resolution of a prisoner's § 2255
> petition proceeds in two steps.  First, the district
> court must determine whether the prisoner's sentence is
> unlawful on one of the specified grounds. . . .  If, by
> contrast, the court determines that the sentence is
> unlawful, the court "shall vacate and set . . . aside"
> the sentence. . . .  If the district court determines
> that the prisoner's sentence is unlawful because of
> some legal defect in his conviction, the court may also
> vacate the prisoner's conviction. . . .
>
> Second, if the prisoner's sentence (and, depending
> on the scope of the prisoner's challenge, perhaps one
> or more of his convictions as well) is set aside, the
> district court "shall" grant the prisoner an
> "appropriate" remedy.  28 U.S.C.A. § 2255.  While
> "[t]he § 2255 remedy is broad and flexible, and
> entrusts to the courts the power to fashion an
> appropriate remedy," United States v. Garcia, 956 F.3d
> 41, 45 (4th Cir. 1992), § 2255 lists the four remedies
> that are appropriate: (1) "discharge the prisoner," (2)
> "grant [the prisoner] a new trial," (3) "re-sentence
> [the prisoner]," or (4) "correct the [prisoner's]
> sentence."  28 U.S.C.A. § 2255.  Accordingly, the end
> result of a successful § 2255 proceeding must be the
> vacatur of the prisoner's unlawful sentence (and
> perhaps one or more of his convictions) and one of the
> following: (1) the prisoner's release, (2) the grant of
> a future new trial to the prisoner, (3) or a new
> sentence, be it imposed by (a) a resentencing or (b) a
> corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007)

(footnotes omitted).

The government has asked that Luna be resentenced by the

court under the sentencing package doctrine if his conviction and

sentence on Count Seven are vacated.

> The sentencing package doctrine acknowledges that
> "sentencing on multiple counts is an inherently

7

> interrelated, interconnected, and holistic process
> which requires a court to craft an overall sentence—the
> sentence package—that reflects the guidelines and the
> relevant § 3553(a) factors." <u>United States v. Pearson</u>,
> 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal
> quotations omitted).  Thus, upon resentencing a
> defendant on the remaining convictions after the
> vacatur of one conviction, the district court may
> "reconfigure the sentencing plan to ensure that it
> remains adequate to satisfy the sentencing factors in
> 18 U.S.C. § 3553(a)."  <u>Greenlaw v. United States</u>, 554
> U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed.2d 399
> (2008).

<u>United States v. Tyler</u>, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021); <u>see also</u> <u>Davis</u>, 139 S. Ct. at 2336 ("[W]hen a defendant's 924(c) conviction is invalidated, court of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

The court agrees with the government that resentencing is the appropriate remedy.

For all these reasons, the court **DENIES** the government's motion to dismiss; **GRANTS** Luna's Motion to Vacate as follows:  1) his conviction and sentence on Count Seven, using and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), are **VACATED**, and 2) a resentencing hearing on the remaining counts is scheduled for May 3, 2022, at 1:30 p.m., in Raleigh; and **DISMISSES** this matter from the court's active docket.

8

The United States Probation Office is **DIRECTED** to prepare a modification to the presentence investigation report that addresses the recalculation of Luna's statutory and Guidelines sentencing ranges and any other information relevant to sentencing.  The report should be provided to counsel and objections, if any, should be filed within 14 days of receipt of the report.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court.

**IT IS SO ORDERED** this 18th day of March, 2022.

ENTER:

David A. Faber
Senior United States District Judge